ON MOTION FOR REHEARING AND/OR CLARIFICATION OF ORDER ON PETITION FOR WRIT OF HABEAS CORPUS
ERVIN, Chief Judge.
On March 15, 1985, the following order was entered on the petition for writ of habeas corpus filed herein:
Respondent shall forthwith remove petitioner to catchment area 3. A detention hearing in compliance with the Florida Rules of Juvenile Procedure shall be conducted within 24 hours of the issuance of this order before an appropriate Judge of the Second Judicial Circuit.
Though the order was complied with, respondent has filed a motion for rehearing and both parties have requested clarification because, according to HRS, the current practice is to remove Franklin County juveniles requiring detention to Bay County for detention proceedings. Respondent insists that section 959.022, Fla.Stat., grants it the authority to redefine catchment areas and therefore HRS may move juveniles from one statutorily defined catchment area to another.[1] Petitioner, on the other hand, argues that under section 39.02(3)(b), Fla. Stat., only the circuit court for the county in which a juvenile is taken into custody has jurisdiction over the juvenile. In entering the order herein, we did not reach the jurisdictional issue because we do not read section 959.022 as bestowing the broad power of authority espoused by the department.
*893 While section 959.022 does permit the department to alter or modify the statutory catchment areas, it does not authorize the department to selectively ignore the catchment boundaries on the basis of convenience to it. As the facts of this case demonstrate, the need to protect juveniles’ rights by compliance with both chapters 959 and 39 outweighs any advantage inherent in detaining a juvenile in the facility that is geographically closest to his home county. Since the department has not in fact altered or modified the definitions of the catchment areas, we find that the practice of moving children from one area to another on an ad hoc basis is unauthorized.
For the foregoing reasons, the petition for rehearing is denied.
MILLS and WENTWORTH, JJ., concur.

.Section 959.022, Fla.Stat., provides in pertinent part:
959.022 State-operated detention.—
(1) The Department of Health and Rehabilitative Services is authorized to develop and implement a state-operated, regionally administered system of detention services for children.
(2)(a) The department shall develop a comprehensive plan for the implementation of the regional administration of all detention services in the state. The plan shall provide for the availability of detention services for all counties, and shall be fully implemented by December 31, 1973.
(b) The initial implementation plan shall be comprised of 18 catchment areas, with each area having a secure facility, attention homes, and a home detention program. The department shall have the authority to alter or modify the initial implementation plan.
(c) The department shall establish the catchment areas under the initial implementation plan as follows:
1. Area 1. — Escambia, Santa Rosa, and Oka-loosa Counties;
2. Area 2. — Walton, Holmes, Jackson, Calhoun, Gulf, Bay and Washington Counties;
3. Area 3. — Gadsden, Leon, Jefferson, Madison, Liberty, Franklin, Wakulla and Taylor Counties;
4. Area 4. — Hamilton, Lafayette, Dixie, Columbia, Suwannee, Union, Gilchrist, Levy, Ala-chua, Bradford, and Putnam Counties;
5. Area 5. — Nassau, Baker, Duval, Clay, and St. Johns Counties;
6. Area 6. — Flagler and Volusia Counties;
7. Area 7. — Seminole, Orange, and Osceola Counties;
8. krea 8. — Marion, Sumter, Lake, Citrus, and Hernando Counties;
9. Area 9. — Pinellas County;
10. Area 10. — Pasco and Hillsborough Counties;
11. Area 11. — Polk County;
12. Area 12. — Brevard and Indian River Counties;
13. Area 13. — Manatee, Hardee, Okeechobee, and Highlands Counties;
14. Area 14. — Sarasota and DeSoto Counties;
15. Area 15. — Charlotte, Glades, Lee, Hen-dry, and Collier Counties;
16. Area 16. — Palm Beach, St. Lucie, and Martin Counties;
17. Area 17. — Dade and Monroe Counties.